IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:07-cr-219-MHT |
| ) | |
| DARRELL GAMBLE ) | |

**BRIEF IN SUPPORT OF SENTENCING ARGUMENT**

**FACTS**

1.      Mr. Gamble's sentencing hearing began on May 21, 2008.  This Court continued the hearing on that date and asked the parties to brief two issues:  1) What consideration this Court should give to the crack/powder disparity, in light of *Kimbrough v. United States*, and 2) What consideration this Court should give to the fact that Mr. Gamble has 26 criminal history points.

**DISCUSSION**

2.      In light of the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005), the sentencing court's determination of the appropriate sentence is no longer confined to a determination of the appropriate offense level, criminal history, and availability of authorized downward departures.  Rather, under the post-*Booker* discretionary sentencing regime, the advisory United States Sentencing Guidelines (hereinafter "Guidelines") range is only one factor among several that the sentencing court is required to consider in imposing a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2).  It is the sentencing statute, not the Sentencing

Commission, which now governs the sentencing process.

3.    The overarching principle and basic mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2).  In determining the sentence minimally sufficient to comply with the purposes of sentencing, the court must consider several factors, which include, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed educational and vocational training.  18 U.S.C. §3553(a)(1) and (2).

4.    While *Booker* rendered the Sentencing Guidelines advisory, it "nevertheless preserved a key role for the Sentencing Commission.  In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve §3553(a)'s objectives.'" *Kimbrough v. United States,* 128 S.Ct. 558, 574 *(quoting Rita v. United States,* 551 U.S.    ,   , 127 S. Ct. 2456, 168 L. Ed. 2d 203, 213-214 (2007).  While the Commission's formulation of the Guidelines may arguably fulfill this function as applied to some Guidelines provisions, the Court in *Kimbrough* specifically noted that such deference to the Guidelines is misplaced in a case involving crack cocaine.  "The crack cocaine Guidelines, however, present no occasion for elaborative discussion of this matter because those Guidelines do not exemplify the Commission's exercise of its characteristic institutional role.  In formulating Guidelines ranges for crack cocaine offenses . . .

the Commission looked to the mandatory minimum sentences . . . and did not take account of empirical data and national experience." *Kimbrough* at 575. The Court further noted, "Indeed, the Commission itself has reported that the crack/powder disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in §3553(a)." *Id.* Given the Commission's departure from its empirical approach in formulating the crack Guidelines and its subsequent criticism of the crack/powder disparity, the Court found that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes, even in a mine-run case." *Id*.

5. Derrick Kimbrough pled guilty to four offenses: conspiracy to distribute crack and powder cocaine; possession with intent to distribute more than 50 grams of crack cocaine; possession with intent to distribute powder cocaine; and possession of a firearm in furtherance of a drug-trafficking offense. *Id*. at 564. What's more, Mr. Kimbrough received a two-level enhancement for obstructing justice, resulting in a final Guidelines range on the drug and gun charges of 228-270 months. *Id.* at 565. In concluding that a sentence in that range would have been greater than necessary to accomplish all the purposes of sentencing, the District Court "commented that the case exemplified the disproportionate and unjust effect that crack cocaine guidelines have in sentencing." *Id*. Further, the District Court noted that, had Kimbrough been sentenced for the same quantity of powder cocaine, his Guidelines range, inclusive of the gun charge, would have been less than half that for crack cocaine; accordingly, the District Court found that the statutory minimum sentence of 180 months was clearly long enough, and imposed that

sentence. *Id*.

6.     Because Mr. Gamble, unlike Mr. Kimbrough, didn't carry a gun in connection with his drug trafficking offense, the disparity between his Guidelines sentence (130-162 months) and a Guidelines range for the same amount of powder cocaine (33-41 months) is even more outrageously skewed than the disparity in *Kimbrough*. The low end of Mr. Gamble's Guidelines range is more than four times–*four times*–higher than if he had possessed only powder cocaine. Just as in *Kimbrough*, a sentence to the statutory minimum (in this case 120 months) for Mr. Gamble would be much more than sufficient to accomplish all the purposes of sentencing. In fact, the statutory minimum still reflects a grossly unfair powder/crack disparity, but, alas, this Court cannot sentence Mr. Gamble below the statutory minimum.

7.     As for Mr. Gamble's criminal history, while 26 points is certainly a substantial number, that number bears further scrutiny. All of those points are for felony-possession of or attempted possession of controlled substances; none of those prior convictions are for drug trafficking offenses, and Mr. Gamble has no prior convictions for crimes of violence. He was sentenced on three of the prior cases (accounting for nine criminal history points) at the same time some seventeen years ago, with all three sentences running concurrently. For the three possession offenses in the Presentence Investigation Report for which a drug quantity is specified, Mr. Gamble twice possessed just over one gram of cocaine, and on the third occasion he possessed less than four grams of cocaine–hardly substantial amounts. Assuming arguendo that Mr. Gamble should still receive some increase in his sentence due to the number of his criminal history points, that increase would be more than offset by the decrease

that would properly reflect the manifestly unjust Guidelines sentence that Mr. Gamble faces as a result of the crack/powder disparity. For instance, if this Court were sentencing Mr. Gamble for possessing powder cocaine rather than crack cocaine, and this Court simply chose to *double* the Guidelines range to reflect his 26 criminal history points, the *high end* of the resulting Guidelines range of 66 to 82 months would still be *38 months less* than the 120-month statutory minimum sentence that Mr. Gamble now faces. So, the enormously higher sentence that Mr. Gamble faces as a result of the crack/powder disparity dwarfs any reasonable increase he might receive based on his criminal history points.

8. All factors considered, the statutory minimum sentence of 120 months is still substantially greater than necessary to to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2), however, as this Court cannot sentence Mr. Gamble to anything less, it should sentence him to 120 months.

Dated this 15th day of June, 2008.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:07-cr-219-MHT |
| ) | |
| DARRELL GAMBLE ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Verne H. Speirs, Assistant U. S. Attorney.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49